# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.H.-1, K.H.-2, and K.H.-3**

**No. 16-0195** (Wood County 14-JA-111, 14-JA-112, & 14-JA-113)

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.H., by counsel Wells H. Dillon, appeals the Circuit Court of Wood County's January 26, 2016, order terminating her parental rights to K.H.-1, K.H.-2, and K.H.-3.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Rhonda L. Harsh, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating her parental rights because less-restrictive dispositional alternatives existed and in denying her post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, the DHHR filed an abuse and neglect petition and alleged that the parents, by virtue of their drug use, abused the children. Specifically, the petition alleged that petitioner abused heroin throughout her pregnancy with K.H.-3 and neglected prenatal care. In fact, the petition alleged that petitioner admitted to using heroin just two hours prior to K.H.-3's

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children in this matter share the same initials, the Court will refer to them as K.H.-1, K.H.-2, and K.H.-3 throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

birth. Upon petitioner's admission to the hospital for the birth, she tested positive for marijuana, heroin, and benzodiazepines. Moreover, after his birth, K.H.-3 was placed on methadone to assist in withdrawal symptoms caused by petitioner's drug use. As to the other children, the petition alleged that petitioner's drug abuse prevented her from properly caring for them.

In January of 2015, petitioner waived her right to a preliminary hearing. At an adjudicatory hearing later that month, petitioner stipulated to abusing heroin while acting as a caregiver for K.H.-1 and K.H.-2 and also while pregnant with K.H.-3. The father also stipulated to drug abuse affecting the children, and both parents were granted post-adjudicatory improvement periods. Initially, both parents complied with the terms and conditions of their improvement periods by producing negative drug screens, attending visits with the children, and participating in outpatient substance abuse treatment and adult life skills and parenting training. As such, in July of 2015, the children were returned to the parents' home for a trial reunification.

However, in July of 2015, petitioner tested positive for cocaine. As a result, the parents returned the children to the home of their paternal great-grandmother, where they had resided after the initial removal. Shortly thereafter, the parents were evicted from their home for nonpayment of rent, and it was discovered that the father quit his job in July of 2015. The parents moved into a relative's home, but the relative thereafter asked them to leave because of the parents' abuse of synthetic marijuana and prescription drugs. In mid-August of 2015, police responded to a report that petitioner was extremely violent and thrashing on the ground in a stores's parking lot. As a result, petitioner was taken to a hospital and treated for substance abuse issues. Although petitioner tested negative for several drugs, the DHHR noted that petitioner was not tested for synthetic drugs.

Following her release from the hospital, petitioner attended some counseling sessions but, thereafter, failed to participate in any services after August of 2015. Petitioner filed a motion for an improvement period as disposition in September of 2015. Thereafter, the circuit court held dispositional hearings in October of 2015 and December of 2015. During the hearings, petitioner testified that she never abused cocaine and that a coworker must have caused her to test positive for cocaine in July of 2015. Petitioner also denied having used synthetic marijuana prior to her hospitalization and explained that her reaction was caused by someone else smoking synthetic marijuana in her car. Ultimately, petitioner testified that she did not need substance abuse treatment and that she complied with all the terms and conditions of her improvement period. The circuit court, however, found that petitioner was not entitled to an additional improvement period and terminated her parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

2

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

To begin, we find no error in the circuit court's termination of petitioner's parental rights. On appeal, petitioner argues that she complied with the terms of her post-adjudicatory improvement period and that visits with the children went well. The Court, however, does not agree. While it is true that petitioner complied with some services below, the record is clear that petitioner's substance abuse persisted throughout the proceedings. Petitioner's argument on appeal totally ignores the fact that, shortly after her children were returned to her on a trial basis, petitioner relapsed into substance abuse and was evicted from her home. Moreover, petitioner failed to comply with any services after August of 2015, despite the fact that the circuit court specifically continued the dispositional hearing for one month to allow petitioner additional time to establish compliance.

Importantly, the record shows that petitioner also failed to acknowledge the underlying conditions that gave rise to the abuse and neglect petition. At disposition, petitioner testified that she did not abuse cocaine, despite her prior drug screen testing positive for the drug. Petitioner further testified that she did not need substance abuse treatment and that she "complied with everything" that was asked of her during her post-adjudicatory improvement period. This testimony is contrary to the overwhelming evidence that petitioner continued to abuse drugs and failed to comply with the terms and conditions of her post-adjudicatory improvement period such that the DHHR had to again remove her children from the home.

We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, it is clear that the underlying issues of abuse and neglect in this matter were untreatable because of petitioner's failure to acknowledge the same. Moreover, the circuit court specifically found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the children's welfare.

Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood conditions of abuse and neglect can be substantially corrected when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

As set forth above, petitioner not only failed to comply with services during her post-adjudicatory improvement period, but continued to abuse drugs to the extent that the children had to be removed from the home a second time. Further, she stopped complying with services entirely after August of 2015. As such, the circuit court correctly found that there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. Contrary to petitioner's argument that less-restrictive dispositional alternatives existed, the Court finds that the circuit court was required to terminate her parental rights upon these findings pursuant to West Virginia Code § 49-4-604(a)(6).

Finally, petitioner argues that the circuit court erred in denying her post-termination visitation with the children. The Court, however, finds no error in this regard. We have previously held as follows:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). According to petitioner, the circuit court should have granted her post-termination visitation because of the close bond between her and the children. Further, petitioner argues that her visits with the children during the proceedings went well and that they should continue so that she can foster her relationship with the children. The Court, however, does not agree. Simply put, petitioner fails to set forth any evidence that continued visitation would be in the children's best interests. To the contrary, petitioner's continued substance abuse and failure to acknowledge the conditions of abuse and neglect below establish that continued contact would be detrimental to the children. For these reasons, we find no error in the circuit court's denial of post-termination visitation with petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 26, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II